ALBIN E. KRACMAN ET AL., APPELLANTS, v. NEBRASKA PUBLIC POWER DISTRICT, A PUBLIC CORPORATION AND POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.

248 N. W. 2d 751

Filed December 29, 1976. No. 40589.

William S. Padley of Padley & Dudden, for appellants.

Stewart & Stewart, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

The Kracmans, plaintiffs-appellants, appeal from the dismissal of their condemnation appeal for failure to give proper notice of the filing of the appeal in the District Court for Lincoln County under section 76-715.01, R. R. S. 1943. We affirm.

Plaintiffs appealed from the award of the appraisers in the county court of Lincoln County to the District Court for Lincoln County. The report of the appraisers was filed on August 6, 1975. Plaintiffs' notice of appeal and bond were filed September 2, 1975. An affidavit of service was filed on September 9, 1975, reciting that a copy of the notice of appeal was forwarded to the firm of Kelley & Wallace in North Platte, Nebraska, on September 6, 1975. The parties stipulated the firm of Stewart & Stewart of Lexington appeared of record as attorneys for the Nebraska Public Power District in this case. Kelley & Wallace, who were not the attorneys of record for Nebraska Public Power District in this case, sent the copy of the notice to Stewart & Stewart on September 11, 1975.

Section 76-715.01, R. R. S. 1943, so far as material herein, reads as follows: "The party appealing from the award for assessment of damages by the appraisers in any eminent domain action shall, within thirty days of the filing of the award, file a notice of appeal with the county judge, specifying the parties taking the appeal and the award thereof appealed from, and shall serve a copy of the same upon all parties bound by the award or upon their attorneys of record."

The statute is clear. Copy of the notice shall be served upon all parties bound by the award or upon their attorneys of record. Kelley & Wallace were not the attorneys of record in this case although they were representing the power district in other condemnations. "Attorneys of record" as used in section 76-715.01, R. R. S. 1943, can only mean the attorneys appearing in the specific action being appealed.

In Radil v. State (1967), 182 Neb. 291, 154 N. W. 2d 466, we held: "Section 76-715.01, R. R. S. 1943, provides that in an appeal from an award of appraisers in a condemnation proceeding, the party appealing shall within 30 days after the filing of the award file a notice of appeal and serve a copy of the same upon all

parties bound by the award. These provisions are mandatory and are in addition to the undertaking required by section 76-716, R. R. S. 1943."

The motion to dismiss was properly sustained. The plaintiffs did not perfect their appeal. We note that even if Kelley & Wallace had been attorneys of record, the notice was served on the 31st day, rather than the 30th day, as provided by the statute. The 30th day in this instance was Friday, September 5, 1975. The notice was served Saturday, September 6. The judgment is affirmed.

AFFIRMED.