JOSEPH A. HOUSKA, ALSO KNOWN AS JOE HOUSKA, JR., AND BERNICE C. HOUSKA, HUSBAND AND WIFE, APPELLANTS, v. CITY OF WAHOO, A MUNICIPAL CORPORATION, APPELLEE.

417 N.W.2d 337

Filed January 8, 1988.   No. 85-958.

James M. Egr of Egr and Birkel, for appellants.

Loren L. Lindahl of Edstrom, Bromm, Lindahl & Wagner, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, C.J.

Plaintiffs have appealed the order of the district court which dismissed their petition in condemnation. The court had earlier sustained defendant's demurrer, and the plaintiffs elected to stand on their petition. Although four errors are alleged, plaintiffs simply state that the court was wrong in failing to

recognize that it had subject matter jurisdiction because the failure of the plaintiffs to receive notice of the report of appraisers extended the time within which they had to perfect their appeal.

The defendant, City of Wahoo, filed a petition in county court to condemn certain of plaintiffs' property located in and upon Section 26 in Saunders County. Appraisers were appointed, and, following a hearing, they filed a return on August 16, 1985, awarding certain damages to plaintiffs.

The transcript discloses that on October 9, 1985, plaintiffs filed a notice of appeal and bond in the county court. On October 15, 1985, plaintiffs filed a petition in the district court alleging the taking, and praying for damages in a specific amount. In that petition the plaintiffs alleged the amount of the award by the appraisers; the filing of the report of appraisers on August 16, 1985; the fact that the plaintiffs did not receive a copy of the report of appraisers until September 19, 1985; and, because of the failure of the plaintiffs to receive a copy of the award, they were denied the right to appeal within the statutory time limits provided for in Neb. Rev. Stat. § 76-715 (Reissue 1986). The petition itself disclosed a filing stamp by the clerk of the district court dated October 15, 1985.

The defendant filed a demurrer

> for the reason that the Petition and Transcript show that the Court has no subject matter jurisdiction over this action as the Return of Appraisers filed with the Saunders County Court on August 16, 1985, was mailed by the Saunders County Court to the Plaintiffs/Condemnees on August 16, 1985, and the Notice of Appeal by Condemnees was not filed with the Saunders County Court until October 9, 1985, said date being more than thirty days after the Return of Appraisers, contrary to Neb. R.R.S. §76-715.

The return of appraisers found in the transcript from county court discloses a certificate by the associate county judge that a copy of the report was mailed to plaintiffs on August 16, 1985.

The district court held a hearing on the demurrer, at which it received evidence. As a part of the testimony received at that hearing, plaintiffs testified that they did not in fact receive any

notice of the filing of the report of appraisers until September 19, 1985.

The demurrer was sustained, and the plaintiffs elected to stand on their petition, following which the court entered an order dismissing plaintiffs' petition.

Neb. Rev. Stat. § 76-710 (Reissue 1986) provides in part:

A copy of the appraisers' report shall be transmitted to the condemnee.

The transmission shall be made by the county judge within ten days of the return of appraisers and shall be by personal delivery or the sending by ordinary mail of such copy to the condemnee . . . . Failure of transmission shall not be jurisdictional, but shall extend the condemnee's time of appeal to twenty days after such transmittal is finally made.

The method of appeal from a condemnation award is found in § 76-715:

Either condemnor or condemnee may appeal from the assessment of damages . . . to the district court . . . . Such appeal shall be taken by filing a notice of appeal with the county judge within thirty days from the date of filing of the report of appraisers as provided in section 76-710.

We must first determine whether the claimed lack of jurisdiction is properly raised by demurrer. Neb. Rev. Stat. § 25-806 (Reissue 1985) provides in part: "The defendant may demur to the petition *only* when it appears on its face (1) that the court has no jurisdiction of . . . the subject of the action . . . ." (Emphasis supplied.)

We should state at the outset that there is no provision in our practice procedure for taking evidence on the submission of a demurrer. " 'The merits of a general demurrer to a petition must be determined from the allegations of the petition alone.' " *State, ex rel. Johnson, v. Consumers Public Power District*, 142 Neb. 114, 121, 5 N.W.2d 202, 206 (1942). A demurrer admits the truth of all facts well pleaded, but not conclusions of law drawn therefrom by the pleader. *Campus Lt. Hse. Min. v. Buffalo Cty. Bd. of Equal.*, 225 Neb. 271, 404 N.W.2d 46 (1987). Where the alleged defect does not appear on the face of the petition, it becomes an affirmative matter which

must be raised by the party seeking the benefit of the defect. *Smick v. Langvardt*, 216 Neb. 778, 345 N.W.2d 830 (1984).

The jurisdictional defect argued by the City of Wahoo is that the notice of appeal was not filed within 30 days of the date of the filing of the report of appraisers. The filing of a notice of appeal within that timeframe is mandatory and therefore jurisdictional. *Kracman v. Nebraska P.P. Dist.*, 197 Neb. 301, 248 N.W.2d 751 (1976). See, also, *McCorison v. City of Lincoln*, 218 Neb. 827, 359 N.W.2d 775 (1984). However, in the petition in the instant case there is no allegation regarding the date upon which the notice of appeal was filed. Consequently, it would be necessary to go beyond the allegations of the petition to reach the alleged jurisdictional defect, and the demurrer should not have been sustained.

The judgment of the district court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.