JOSEPH A. HOUSKA, ALSO KNOWN AS JOE HOUSKA, JR., AND BERNICE C. HOUSKA, HUSBAND AND WIFE, APPELLANTS, V. CITY OF WAHOO, A MUNICIPAL CORPORATION, APPELLEE.

456 N.W.2d 750

Filed June 22, 1990. ·No. 88-444.

James M. Egr, of Egr and Birkel, for appellants.

Loren L. Lindahl, of Edstrom, Bromm, Lindahl & Wagner, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

This is a condemnation proceeding brought by the defendant City of Wahoo. The plaintiff landowners sought to appeal to the district court the appraisers' award and now appeal to this court from the granting of summary judgment against them.

This is the second appearance in this court of this action. Our first opinion is found in *Houska v. City of Wahoo*, 227 Neb. 322, 417 N.W.2d 337 (1988).

Summary judgment is proper when the pleadings, depositions, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from the material facts, and the moving party is entitled to judgment as a matter of law. *State Farm Fire & Cas. Co. v. van Gorder, ante* p. 355, 455 N.W.2d 543 (1990); *Muckey v. Dittoe, ante* p. 250, 454 N.W.2d 682 (1990).

In reviewing an order granting a summary judgment, the Supreme Court views the evidence in the light most favorable to the party against whom the judgment is granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *State Farm Fire & Cas. Co. v. van Gorder, supra*; *Muckey v. Dittoe, supra*.

*Houska v. City of Wahoo, supra*, sets forth the factual development of this eminent domain proceeding. Therein, it is observed that the City of Wahoo filed a petition in county court to condemn certain of plaintiffs' property located in Saunders County. Thereafter, following a hearing, the appraisers filed their return or report with the county judge on August 16, 1985, which report awarded certain damages to plaintiffs.

On October 9, 1985, plaintiffs filed a notice of appeal and bond in the county court. Plaintiffs then filed a petition in the district court on October 15, 1985. In addition to alleging the taking, and praying for damages, the petition states that plaintiffs did not receive a copy of the appraisers' report until September 19, 1985, and that because of this plaintiffs were denied the right to appeal within the statutory timeframe provided for in Neb. Rev. Stat. § 76-715 (Reissue 1986).

In the present proceeding, the defendant, on March 1, 1988, filed an answer to the petition which alleges in part that

the Return of Appraisers filed with the Saunders County Court on August 16, 1985, was mailed by the Saunders County Court to Condemnees on August 16, 1985, and the Notice of Appeal by Condemnees was not filed with the County Court until October 9, 1985, said date being more than thirty days after the Return of the Appraisers.

Along with the answer, defendant filed a counterclaim alleging the sums assessed by the appraisers were excessive and praying for a redetermination by the district court of plaintiffs' damages.

On March 30, 1988, defendant filed a motion for summary judgment "on the grounds that there is no genuine issue of material fact and this Defendant is entitled to have Plaintiffs' Petition dismissed as against it as a matter of law."

A hearing was held on April 18, 1988. In addition to the pleadings and transcript of the condemnation proceedings, three affidavits were received into evidence.

One of the defendant's affidavits was made by the then associate county judge, who recited that on August 16, 1985, she mailed a copy of the appraisers' report via United States mail, postage prepaid, in an envelope addressed to plaintiffs at R.F.D. No. 2, Wahoo, Nebraska 68066. At a later point her affidavit states that "affiant did place said aforenoted envelope in either the 'out mail' box of the Saunders County Court or the drive-up mail box of the United States Post Office adjacent to the United States Post Office, Wahoo, Nebraska, on August 16, 1985."

Plaintiffs introduced an affidavit signed by themselves stating that their address at all times material has been R.F.D. No. 2, Wahoo, Nebraska 68066 and claiming that a copy of the appraisers' report was not received until September 19, 1985, apparently after they had received a telephone call from the associate county judge about picking up their check for the condemnation award.

On May 16, 1988, the district court sustained the motion for summary judgment. Plaintiffs appeal.

Plaintiffs' four assignments of error together assert the district court erroneously sustained defendant's motion for summary judgment.

Initially, we must dispose of plaintiffs' claim of constitutional error. However, plaintiffs failed to raise any constitutional issue in either their petition, reply, or answer to defendant's counterclaim. No constitutional issue was raised in plaintiffs' written objection to the motion for summary judgment, nor does the bill of exceptions reveal the question of due process was ever an issue in the district court. Finally, the constitutional argument is beyond the scope of the assignments of error before this court.

It is a fundamental rule in this state that if new issues other than the assessment of damages are to be raised on appeal in a condemnation proceeding, they must be pleaded. *Lane v. Burt County Rural Public Power Dist.*, 163 Neb. 1, 77 N.W.2d 773 (1956).

A constitutional issue not presented to or passed upon by the trial court is not appropriate for consideration on appeal. *Snyder v. IBP, inc., ante* p. 319, 455 N.W.2d 157 (1990).

This court will only consider errors that are assigned and discussed, although it may note plain error which is not assigned. *In re Interest of N.L.B.*, 234 Neb. 280, 450 N.W.2d 676 (1990); Neb. Rev. Stat. § 25-1919 (Reissue 1989); Neb. Ct. R. of Prac. 9D(1)d (rev. 1989). Therefore, we do not address plaintiffs' constitutional complaints.

At the time these proceedings were commenced, Neb. Rev. Stat. § 76-710 (Reissue 1986) provided:

> After the inspection, view, and hearing . . . the appraisers shall assess the damages . . . and make and file a report thereof in writing with the county judge. . . . A copy of the appraisers' report shall be transmitted to the condemnee.
>
> The transmission shall be made by the county judge within ten days of the return of appraisers and shall be by personal delivery or the sending by ordinary mail of such copy to the condemnee . . . . Failure of transmission shall not be jurisdictional, but shall extend the condemnee's time of appeal to twenty days after such transmittal is finally made.

Under § 76-715 the notice of appeal must be filed within 30 days of the date of the filing of the appraisers' report. Without

the extension provided by § 76-710 plaintiffs' notice of appeal would be beyond the 30-day time limit. The filing of a notice of appeal within this timeframe is mandatory and therefore jurisdictional. *Houska v. City of Wahoo*, 227 Neb. 322, 417 N.W.2d 337 (1988); *Kracman v. Nebraska P. P. Dist.*, 197 Neb. 301, 248 N.W.2d 751 (1976).

Plaintiffs argue that an associate judge may not mail the notice because the statute requires it to be mailed by the county judge, the term "transmission" requires that the transmittee receive the notice, and placing an envelope into an "out box" is not equivalent to sending by ordinary mail.

Plaintiffs abandoned at oral argument their argument that an associate judge was at the time not authorized to act in place of and on behalf of the county judge in the transmitting of notices such as was involved in this case.

There is no requirement that the transmittee actually receive the notice. The statute, § 76-710, provides: "The transmission [of a copy of the appraisers' report] shall be by personal delivery or the *sending* by ordinary mail of such copy to the condemnee . . . ." (Emphasis supplied.) In construing a statute it is presumed that the Legislature intended a sensible, rather than an absurd, result. *Weimer v. Amen, ante* p. 287, 455 N.W.2d 145 (1990). The provision in this case sets forth precisely what requirements must be satisfied in order to successfully accomplish "transmission." We have only to apply those requirements to the facts at hand. Applying the plain, direct, and unambiguous language of the statute, if a copy of the appraisers' report was *sent* to plaintiffs by ordinary mail, then transmission would have been accomplished.

However, does the evidence available in this case demonstrate that the report was *sent* "by ordinary mail"?

On appeal, plaintiffs contend that the placement of the envelope into an outgoing-mail box does not satisfy the ordinary mail requirement of § 76-710. This is not necessarily true.

The use of an outgoing-mail box per se does not preclude a finding that a letter was actually mailed, provided there is either direct proof that a particular letter, properly stamped and addressed, was taken from the receptacle and delivered to a

mail carrier or duly deposited in an authorized depository of the U.S. Postal Service, or sufficient competent evidence demonstrating a customary mailing procedure or practice whereby the letter would have been so mailed. See, *Hills v. McComas Rentals, Inc.*, 779 S.W.2d 297 (Mo. App. 1989); *Bruce v. James P. MacLean Firm*, 238 N.J. Super. 501, 570 A.2d 49 (1989); *Jimmy Swaggart Ministries v. Arlington*, 718 S.W.2d 83 (Tex. App. 1986); *Rhulen Agency, Inc. v. Gramercy Brokerage, Inc., et al.*, 106 A.D.2d 725, 484 N.Y.S.2d 156 (1984); Annot., Proof of Mailing by Evidence of Business or Office Custom, 45 A.L.R.4th 476 (1986); 58 Am. Jur. 2d *Notice* §§ 46-47 (1989).

We believe the better rule to be gleaned from the above-cited authorities, absent direct proof of actual deposit with an authorized U.S. Postal Service official or in an authorized depository, is that proof of a course of individual or office practice that letters which are properly addressed and stamped are placed in a certain receptacle from which an authorized individual invariably collects and places all outgoing mail in a regular U.S. mail depository and that such procedure was actually followed on the date of the alleged mailing creates an inference that a letter properly addressed with sufficient postage attached and deposited in such receptacle was regularly transmitted and presents a question for the trier of fact to decide. See *Rhulen Agency, Inc. v. Gramercy Brokerage, Inc., et al., supra*. Such proof was lacking in this instance.

The record is insufficient to determine as a matter of law that the transmission requirement of § 76-710 has been fully met. Having determined that a genuine issue of material fact exists as to whether a copy of the appraisers' report was sent by ordinary mail, we conclude that the motion for summary judgment should not have been sustained.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.