VICTORIA L. BAKER, APPELLANT, V. FABIAN, THIELEN & THIELEN,
A NEBRASKA PARTNERSHIP, FORMERLY KNOWN AS
TAYLOR, FABIAN, THIELEN & THIELEN, ET AL., APPELLEES.

578 N.W. 2d 446

Filed May 29, 1998.    No. S-95-1133.

James D. Sherrets, of Sherrets & Associates, for appellant.

Milton A. Katskee, of Katskee, Henatsch & Suing, for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

Per Curiam.

Victoria L. Baker filed a petition against her former attorney, Barbara J. Thielen, and the law firm of Fabian, Thielen & Thielen, formerly known as Taylor, Fabian, Thielen & Thielen, alleging professional negligence in regard to Thielen's representation of Baker in an action against Baker's insurer, *Baker v. St. Paul Fire & Marine Ins. Co.*, 240 Neb. 14, 480 N.W.2d 192 (1992) (*Baker I*). A jury returned a verdict in favor of Thielen, and judgment was entered thereon. Baker appeals, assigning several errors of law. Because the issue of whether Thielen was negligent in her representation of Baker is a question of law, we determine that the district court erred in submitting such issue to the jury rather than directing a verdict. We further determine that as a matter of law, Thielen was not professionally negligent. Therefore, despite the fact that the district court erred in failing to direct a verdict in favor of Thielen, such error was not prejudicial in view of the jury's verdict that was returned in favor of Thielen, and thus, we affirm the judgment of the district court.

## FACTS

The antecedent lawsuit, *Baker I*, which forms the basis of Baker's legal malpractice claim was tried to a jury in May 1989. This lawsuit was occasioned when, on September 26, 1985, Baker's home suffered extensive fire damage and her insurer, St. Paul Fire & Marine Insurance Company (St. Paul), refused to compensate her for the damage sustained. St. Paul claimed that Baker was without insurance coverage because she had failed to pay her quarterly premium and that it had properly mailed to Baker a notice of cancellation. Baker, however, asserted that she had paid her premium and retained Thielen to recover the insurance proceeds that Baker claimed were due her.

At the *Baker I* trial, Baker testified that on July 15, 1985, she issued her check No. 1010 to St. Paul for her quarterly homeowner's insurance premium, placed this check in St. Paul's self-addressed envelope, put a stamp on the envelope, and mailed her payment by placing it in the mail chute at her place of employment, the Livestock Exchange Building in Omaha. Baker testified that on prior occasions, she had mailed her

insurance premiums as well as other bills in this same manner, that is, by placing them in the mail chute at the Livestock Exchange Building, and that such payments had always been received. Baker's check was never negotiated by St. Paul or anyone else. Proof that such check had been written was made by the introduction into evidence of Baker's checkbook ledger.

St. Paul adduced evidence by way of its business records. The business records established that Baker's insurance premium installment payment was due on July 28, 1985; that on August 7, Baker was sent a past due notice; and that on September 11, Baker was sent notice of cancellation by certified mail. Baker claimed that she never received notice of cancellation.

Thus, at the initial trial, both Baker and St. Paul relied on the rebuttable legal presumption that a letter properly addressed, stamped, and mailed reached the addressee in the usual course of the mails. St. Paul attempted to rebut the presumption in favor of Baker by showing that the entry in Baker's checkbook ledger for check No. 1010, which purportedly represented the check written to St. Paul, had previously been erased with St. Paul substituted as the new payee. Notwithstanding St. Paul's attempt to rebut the presumption, the jury returned a verdict in favor of Baker and awarded her $24,850. St. Paul appealed.

On appeal, this court reversed the judgment and remanded the cause to the district court with an order to dismiss. See *Baker I.* We held that as a matter of law, Baker had failed to produce sufficient evidence so as to invoke the presumption that St. Paul received Baker's premium payment. Relying on *Houska v. City of Wahoo*, 235 Neb. 635, 456 N.W.2d 750 (1990), we concluded that Baker had failed to prove the necessary element that her payment had been placed with the U.S. mails when she failed to adduce any evidence that the mail chute in the Livestock Exchange Building was a regular U.S. Postal Service depository. Further, we held that as a matter of law, St. Paul mailed its notice of cancellation and was entitled to the presumption that Baker received it through the normal course of the mails.

With Thielen as counsel, Baker petitioned this court for rehearing. Baker argued that *Houska v. City of Wahoo, supra,*

had been decided after the trial of Baker's claim against St. Paul, and that in reaching our decision in *Houska v. City of Wahoo*, this court relied on cases from other jurisdictions which represented a statement of law different from Nebraska law at the time of her trial. Baker asserted that, in accordance with *Troy & Stalder Co. v. Continental Casualty Co.*, 206 Neb. 28, 290 N.W.2d 809 (1980), the state of Nebraska law at the time of her trial was that to invoke the presumption of receipt of mail by the addressee, a party must show only that the letter was properly addressed, stamped, and mailed. Thus, argued Baker, prior to the time of her trial, it was not a separate element of proof to show that such letter was also expressly placed in a regular U.S. Postal Service depository. We denied Baker's motion for rehearing.

Baker then retained new legal counsel and filed the instant professional negligence action, alleging that Thielen was negligent in failing to adduce evidence that the Livestock Exchange Building mail chute was a regular U.S. Postal Service depository. At this second trial, Baker adduced evidence that the Livestock Exchange Building mail chute was, in fact, a regular U.S. Postal Service depository and that Baker could have so testified had Thielen conducted her direct examination so as to elicit such testimony. Baker also adduced evidence in an attempt to show that the state of Nebraska law was such that in the exercise of her professional duty, Thielen should have known that an element of proof required in order to invoke the presumption of receipt of the mail was that the letter must be placed with the U.S. mails. As such, Baker contends, Thielen's efforts to identify the necessary elements of proof fell below the applicable standard of care, manifesting Thielen's professional negligence.

In regard to the issue of Thielen's breach of her professional duty, Baker offered the expert testimony of Omaha attorney Patrick Betterman. Betterman opined that *Houska v. City of Wahoo, supra*, and *Baker I* were not pronouncements of new law by this court and that Thielen should have known that a necessary element of proof so as to invoke the presumption of receipt of mail by the addressee was that the letter must be deposited with the U.S. mails. Because of Thielen's failure to

adduce proper proof, Betterman said, her representation of Baker fell below the applicable standard of care for attorneys in the Omaha area. Further, Betterman opined that Thielen's negligence was the proximate cause of Baker's damages because without such proof, this court could not affirm the jury's verdict.

In defense, Thielen offered the testimony of two expert witnesses, Omaha attorneys Charles Gotch and William Lamson. Both opined that Thielen's representation met the standard of care for the community because at the time of trial, Thielen offered sufficient proof so as to invoke the presumption of the receipt of mail by the addressee. Both were of the opinion that *Houska v. City of Wahoo*, 235 Neb. 635, 456 N.W.2d 750 (1990), and *Baker I* changed Nebraska law as it existed at the time of trial.

At the close of the evidence, Baker and Thielen each made a motion for a directed verdict, which motions were respectively overruled. Baker asked the trial court to instruct the jury that Thielen was negligent as a matter of law, which request the trial court refused. The jury returned a general verdict for Thielen, and judgment was entered accordingly. After Baker's motion for judgment notwithstanding the verdict was overruled, she filed this appeal.

## ASSIGNMENTS OF ERROR

Baker claims the trial court erred in (1) failing to direct a verdict for Baker at the close of evidence, (2) refusing to instruct the jury that Thielen was negligent as a matter of law for failing to adduce sufficient proof in the antecedent lawsuit, (3) failing to grant Baker's motion for judgment notwithstanding the verdict, (4) allowing Thielen's expert witnesses to testify as to the meaning of this court's decision in *Baker I* and the status of the law at the time of this decision and refusing to strike such testimony, (5) admitting into evidence the bill of exceptions from Baker's lawsuit against St. Paul, and (6) allowing Thielen to testify regarding her view of the merits of Baker's claim against St. Paul.

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Brams*

*Ltd. v. Elf Enters.*, 253 Neb. 932, 573 N.W.2d 139 (1998); *Mandolfo v. Chudy*, 253 Neb. 927, 573 N.W.2d 135 (1998).

A directed verdict is proper at the close of all the evidence only where reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, where an issue should be decided as a matter of law. *Martin v. Roth*, 252 Neb. 969, 568 N.W.2d 553 (1997); *Ethanair Corp. v. Thompson*, 252 Neb. 245, 561 N.W.2d 225 (1997). In order to sustain a motion for judgment notwithstanding the verdict, the court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion. *Hulett v. Ranch Bowl of Omaha*, 251 Neb. 189, 556 N.W.2d 23 (1996); *McWhirt v. Heavey*, 250 Neb. 536, 550 N.W.2d 327 (1996).

## ANALYSIS

Baker's assignments of error would logically divide into two separate categories for purposes of analysis. The first category includes those assignments premised on Baker's assertion that this court's decision in *Baker I* represents a finding that Thielen was negligent as a matter of law. The second category involves those assignments in which Baker asserts that the trial court erred in regard to the admission into evidence of certain exhibits and expert testimony. However, because our analysis leads us to the conclusion that Thielen was not professionally negligent as a matter of law, it is unnecessary for us to address and resolve the second category of assigned errors.

With regard to the first category of assigned errors, Baker asserts that Thielen's negligence was established as a matter of law by our decision in *Baker I*. There are three elements a plaintiff alleging attorney negligence must prove: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) that such negligence resulted in and was the proximate cause of loss to the client. *McWhirt v. Heavey, supra.*

The general rule regarding an attorney's duty to his or her client is that the attorney, by accepting employment to give legal advice or to render other legal services, impliedly agrees to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the perfor-

mance of the tasks which they undertake. *Bruning v. Law Offices of Ronald J. Palagi*, 250 Neb. 677, 551 N.W.2d 266 (1996).

Baker argues that our decision in *Baker I* required the trial court to direct the jury to find that Thielen neglected her professional duty of care. Baker claims that this is so for two reasons. First, Baker contends that our holding in *Baker I* makes it clear that Thielen's representation of Baker fell below the applicable standard of professional care. Second, Baker asserts that by submitting to the jury the question of Thielen's negligence in this matter, the jury is then impermissibly required to decide a question of law.

In the instant case, we note that as to the matter of Thielen's performance in *Baker I*, three attorneys testified to a variety of opinions concerning what type of testimony should or should not have been adduced with respect to the mailing of the envelope in question. Expert testimony must be such as to assist the trier of fact to understand the evidence or to determine a fact in issue. Neb. Rev. Stat. § 27-702 (Reissue 1995). As in postconviction proceedings, the question whether an attorney breaches his or her duty of professional care to a client regarding evidentiary issues is a legal matter concerning which judges are required to be their own experts; judging the law is one of the most important judicial functions. See *State v. Joubert*, 235 Neb. 230, 455 N.W.2d 117 (1990). It is for this reason that expert testimony concerning a question of law is generally not admissible into evidence, and such testimony was improperly admitted in the instant case. See *Sports Courts of Omaha v. Brower*, 248 Neb. 272, 534 N.W.2d 317 (1995) (expert testimony is relevant and admissible only if it tends to help trier of fact understand evidence or determine fact issue, and expert testimony concerning status of law does not tend to accomplish either of these goals).

Accordingly, Baker's assertion that the question whether Thielen breached her duty of professional care presents solely a question of law is correct in the context of the instant case. Thus, the trial court erred in submitting this issue to the jury for its resolution, rather than resolving the issue itself. When an attorney is charged with an error concerning a legal question,

the trial court must initially determine whether the attorney erred, i.e., in the instant case, whether Thielen erred in failing to adduce proper proof so as to invoke the presumption of delivery of mail to the addressee. Our decision in *Baker I* necessarily compels the conclusion that Thielen erred in that regard. However, the determinative issue that the trial court failed to decide was whether as a matter of law, Thielen was negligent in so erring. That is, would an attorney of ordinary skill, prudence, and diligence, utilizing reasonable care, have concluded prior to the trial of *Baker I* and our decision in *Houska v. City of Wahoo*, 235 Neb. 635, 456 N.W.2d 750 (1990), that direct proof of deposit with an authorized U.S. Postal Service depository was necessary for the presumption of delivery of mail to the addressee to arise?

Baker argues that it was Thielen's duty to know the law and that her failure to identify the cases which would have informed her of the requisite elements necessary for proof so as to invoke the presumption constitutes a breach of Thielen's duty to Baker as a matter of law. As such, Baker claims that the trial court erred by not sustaining her motions for directed verdict and for judgment notwithstanding the verdict.

Certainly, there is a substantial responsibility for attorneys to educate themselves about general laws, statutes, and legal propositions considered well defined. This aspect of a lawyer's judgment has been characterized as merely " 'clerical or mechanical,' " since ignorance of such general legal principles is not excusable. 2 Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 17.4 at 502 (4th ed. 1996).

The instant case, however, presents the question of the extent to which an attorney must determine the status of a legal proposition that the attorney thought was settled in his or her jurisdiction.

> The aphorism that law is more an art than a science is illustrated best by the frequent misconception that particular legal principles are settled. The history of American jurisprudence reveals that legal customs, practices, or beliefs, which were respected for decades, can suddenly be found imprudent, outdated, or erroneous by a judicial decision. Thus, unsettled propositions may include propo-

> sitions that are apparently settled. The frequency of such frustrations for attorneys is well-documented in American jurisprudence.

Mallen & Smith, *supra*, § 17.11 at 521.

Other jurisdictions considering this question have concluded that an attorney who acts in good faith and with an honest belief that his or her actions are well founded in the law and in the best interests of his or her client is not answerable for a mere error of judgment or for a mistake in a point of law which has not been settled by the court of last resort in his or her state and on which reasonable doubt may be entertained by well-informed lawyers. *Collins v. Wanner*, 382 P.2d 105 (Okla. 1963). "A lawyer would need a crystal ball, along with his library, to be able to guarantee that no judge, anytime, anywhere, would disagree with his judgment or evaluation of a situation." *Denzer v. Rouse*, 48 Wis. 2d 528, 534, 180 N.W.2d 521, 525 (1970), *overruled on other grounds, Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983). We agree.

The presumption of delivery of mail to the addressee is well settled in this jurisdiction—a letter properly addressed, stamped, and mailed is presumed to have reached the addressee in the usual course of the mails. *Houska v. City of Wahoo*, 235 Neb. 635, 456 N.W.2d 750 (1990); *Troy & Stalder Co. v. Continental Casualty Co.*, 206 Neb. 28, 290 N.W.2d 809 (1980); *Waite Lumber Co., Inc. v. Carpenter*, 205 Neb. 860, 290 N.W.2d 655 (1980); *City of Omaha v. Yancey*, 91 Neb. 261, 135 N.W. 1044 (1912); *National Masonic Accident Ass'n v. Burr*, 57 Neb. 437, 77 N.W. 1098 (1899). In *City of Omaha v. Yancey, supra*, we reasoned that testimony that a notice had been "mailed" implied that the requisite postage had been prepaid and affixed, since it would be a violation of an act of Congress to mail an item without the payment of postage.

Baker testified in *Baker I* that she placed the stamped, preaddressed envelope containing her premium payment into a mail chute running to the mailroom of the building in which she worked. While perhaps no act of Congress would be violated by depositing a properly addressed and stamped item in a non-U.S. Postal Service depository, since no one could reasonably assume that such an item would be delivered in the ordinary

course of the mails unless deposited in an authorized U.S. Postal Service depository, an attorney, prior to the trial of *Baker I* and our decision in *Houska v. City of Wahoo, supra*, could reasonably have concluded that the testimony in *Baker I* gave rise to the presumption. Indeed, at the time *Baker I* was tried, an Omaha attorney exercising reasonable care could have concluded, based on *Troy & Stalder Co. v. Continental Casualty Co., supra*, and prior case law, that in order to invoke the presumption of receipt of mail by an addressee, a party would need to show only that the letter was properly addressed, stamped, and mailed. In other words, prior to the trial in *Baker I*, this court had not specifically held that in order to invoke the presumption of receipt of mail by the addressee, there was a separate element of proof to show that such letter was also expressly placed in a regular U.S. Postal Service depository.

Thus, while Baker was correct that the trial court should have directed a verdict rather than allow the jury to impermissibly decide a question of law, we nonetheless conclude that a directed verdict should have favored Thielen rather than Baker. Therefore, even though the trial court erred in not directing a verdict as requested by Thielen, such error was not prejudicial in view of the jury's verdict in favor of Thielen.

As previously noted, it is unnecessary to address and resolve the evidentiary issues raised by Baker in light of our determination that the trial court should have directed a verdict in favor of Thielen at the close of the evidence.

## JUDGMENT

Accordingly, we affirm the judgment of the district court.

AFFIRMED.