Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/24/2023 09:06 AM CST

Joseph J. Buttercase, appellant, v.
James Martin Davis and Davis
Law Office, appellees.

___ N.W.2d ___

Filed February 24, 2023.    No. S-20-871.

#### SUPPLEMENTAL OPINION

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Former opinion modified. Motion for rehearing overruled.

Joseph J. Buttercase, pro se.

Nicholas F. Miller, of Baird Holm, L.L.P., for appellees.

Cassel, Stacy, Funke, Papik, and Freudenberg, JJ., and Wheelock and Post, District Judges.

Per Curiam.
This case is before us on a motion for rehearing filed by the appellant, Joseph J. Buttercase, concerning our opinion in *Buttercase v. Davis*, 313 Neb. 1, 982 N.W.2d 240 (2022).

We overrule the motion, but modify the opinion as follows:
In the analysis section, under the subheading "Davis' Amended Motion for Summary Judgment," we withdraw the sixth paragraph and substitute the following:

His related argument, that he would not have pled guilty but for Davis' failure to investigate and discover

material exculpatory evidence also fails. When a criminal defendant convicted as a result of a guilty or no contest plea raises a *Sixth Amendment ineffective assistance of counsel claim*, he or she must show that but for the errors of counsel, he or she would not have pleaded guilty or no contest and would have insisted on going to trial. See, *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022); *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019). But we are aware of no Nebraska authority holding that a criminal defendant raising a subsequent *legal malpractice claim* is relieved of demonstrating actual innocence if he or she can merely show that but for counsel's errors, he or she would have rejected a plea and insisted on going to trial. And, as we have discussed, there was no evidence that Buttercase was actually innocent of the obscenity charge.

In the analysis section, under the subheading "Davis' Amended Motion for Summary Judgment," we withdraw the first sentence of the seventh paragraph and substitute the following:

Buttercase's arguments that he is actually innocent of obscenity because the videos and images are not obscene under the U.S. Supreme Court's holding in *Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419 (1973), and that the federal obscenity statute cannot be constitutionally applied to him because, although he pled guilty to producing and transporting obscene materials for distribution, he only possessed and viewed images of his private intimate relations with his wife within his home are also unavailing.

In the analysis section, under the subheading "Admission of Evidence," we withdraw the fifth sentence of the ninth paragraph and substitute the following: "Exhibit 14 does not purport to address Buttercase's actual innocence of the

obscenity charge, which is why we find his opposition to Davis' motion for summary judgment failed."

The remainder of the opinion shall remain unmodified.

Former opinion modified.

Motion for rehearing overruled.

Heavican, C.J., and Miller-Lerman, J., not participating.