Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/27/2017 09:13 AM CDT

Lori Greenwood, appellant, v. J.J. Hooligan's, LLC,
formerly known as Pies & Pints, LLC, and
FirstComp Insurance Company, appellees.

___ N.W.2d ___

Filed August 4, 2017.    No. S-16-932.

1. **Workers' Compensation: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2016), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. Determinations by a trial judge of the Workers' Compensation Court will not be disturbed on appeal unless they are contrary to law or depend on findings of fact which are clearly wrong in light of the evidence.

3. **Workers' Compensation: Insurance: Contracts: Notice.** There is no requirement in Neb. Rev. Stat. § 48-144.03 (Reissue 2010) that a notice of cancellation sent by certified mail actually be received by the employer.

4. **Workers' Compensation: Insurance: Contracts: Notice: Proof.** To show compliance with Neb. Rev. Stat. § 48-144.03 (Reissue 2010), the insurer need only prove that it sent the notice of cancellation by certified mail to the employer.

5. **Insurance: Contracts: Notice: Proof.** When an insurance carrier is statutorily required to provide notice of cancellation before terminating a policy, the burden of establishing an effective cancellation before a loss is on the insurer.

6. **Notice: Proof.** A party may prove it has mailed an item by direct proof of actual deposit with an authorized U.S. Postal Service official or in an authorized depository.

7. \_\_\_\_ : \_\_\_\_. Absent direct proof of actual deposit with an authorized U.S. Postal Service official or in an authorized depository, proof of a course of individual or office practice that letters which are properly addressed and stamped are placed in a certain receptacle from which an authorized individual invariably collects and places all outgoing mail in a regular U.S. mail depository and that such procedure was actually followed on the date of the alleged mailing creates an inference that a letter properly addressed with sufficient postage attached and deposited in such receptacle was regularly transmitted and presents a question for the trier of fact to decide.

8. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the Workers' Compensation Court: Thomas E. Stine, Judge. Reversed and remanded for further proceedings.

Rolf Edward Shasteen, of Shasteen & Morris, P.C., L.L.O., for appellant.

L. Tyler Laflin and Joshua R. Woolf, of Engles, Ketcham, Olson & Keith, P.C., for appellee FirstComp Insurance Company.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Funke, J.

## NATURE OF CASE

This case concerns whether an insurance company complied with the notice of cancellation requirements under Neb. Rev. Stat. § 48-144.03 (Reissue 2010). The Nebraska Workers' Compensation Court dismissed FirstComp Insurance Company (FirstComp) as a defendant upon finding that FirstComp complied with § 48-144.03 and, therefore, did not carry workers' compensation insurance for appellee J.J. Hooligan's, LLC, formerly known as Pies & Pints, LLC, at the time of appellant Lori Greenwood's injury. We conclude the compensation court erred in finding that FirstComp provided sufficient evidence of its compliance with the notice

of cancellation requirement in § 48-144.03 and in dismissing FirstComp as a party. Therefore, we reverse, and remand for further proceedings.

## FACTS

On January 14, 2012, Greenwood was injured while acting in the scope and course of her employment with J.J. Hooligan's. One of the owners of J.J. Hooligan's provided Greenwood with J.J. Hooligan's insurance carrier's contact number. After calling the contact number provided, Greenwood received a return call and was informed that because of nonpayment, FirstComp was not the workers' compensation insurance carrier on the date of the accident.

Greenwood subsequently filed a petition against J.J. Hooligan's and FirstComp, seeking workers' compensation benefits. FirstComp moved to dismiss, arguing that it was not a proper party, because it had notified J.J. Hooligan's prior to January 2012, in compliance with § 48-144.03, that it had terminated its insurance coverage for nonpayment of its premium and, therefore, did not provide workers' compensation insurance to J.J. Hooligan's on the date of the accident.

At the hearing, the compensation court admitted three exhibits from FirstComp that were relevant to the motion to dismiss. Exhibit 1 contained an affidavit of Mandy Johnson, a FirstComp employee, which stated that on November 2, 2011, a notice of cancellation of workers' compensation insurance policy No. WC0124824-01 was sent by certified mail to J.J. Hooligan's for nonpayment; that FirstComp uses an electronic mailing system through the U.S. Postal Service (USPS) to send its certified mail; that the certified mail number generated by the USPS was 91719999917031126097757; that because the mailing was completed through an electronic mailing system, there was no physical receipt or ticket produced; and that the USPS keeps records of certified mailings for a period of 2 years and the system that FirstComp uses, through the USPS, keeps records for a period of 3 years.

Attached to the affidavit were an internal spreadsheet record of FirstComp which showed that notice was sent on November 3, 2011, for policy No. WC0l24824-01 and a copy of the notice of cancellation.

Exhibit 2 contained the proof-of-coverage pages from the Nebraska Workers' Compensation Court showing that cancellation was received by the compensation court in November 2011 and that the policy was canceled November 19, 2011.

Exhibit 3 included an affidavit from another FirstComp employee and a copy of J.J. Hooligan's installment payment activity. The employee's affidavit stated that he had personal knowledge of FirstComp procedures for canceling coverage and J.J. Hooligan's account information and that a cancellation notice for policy No. WC0124824-01 was sent to J.J. Hooligan's on November 2, 2011, for nonpayment of premium since July 14, 2011. It also stated that no payment of the premium was received after notice of cancellation was sent, so the cancellation became effective November 19.

The compensation court found that there was sufficient evidence to establish that FirstComp timely sent a notice of cancellation to J.J. Hooligan's by certified mail. It cited Johnson's affidavit stating that the notice of cancellation had been sent, the fact that a certified mail tracking number had been created for the notice of cancellation, and the fact that FirstComp provided notice of cancellation to the compensation court. Accordingly, the compensation court ruled that J.J. Hooligan's insurance coverage through FirstComp was canceled on November 19, 2011. As a result, the compensation court dismissed FirstComp as a defendant, because it was not a proper party. Greenwood appealed.

ASSIGNMENTS OF ERROR

Greenwood asserts, restated, that the compensation court erroneously found that (1) FirstComp proved that it had complied with § 48-144.03's notification requirements and (2) FirstComp was not liable to Greenwood, because it was not

J.J. Hooligan's workers' compensation insurance carrier on January 14, 2012.

## STANDARD OF REVIEW

[1] Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2016), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[1]

[2] Determinations by a trial judge of the Workers' Compensation Court will not be disturbed on appeal unless they are contrary to law or depend on findings of fact which are clearly wrong in light of the evidence.[2]

## ANALYSIS

FirstComp contends that it was not J.J. Hooligan's workers' compensation insurance carrier at the time of Greenwood's accident, because it had canceled the policy for nonpayment of premium, under the requirements of § 48-144.03. It argues that its evidence of a certified mail tracking number, the testimony of two employees, and the fact that it provided notice of cancellation to the compensation court proves that it provided sufficient evidence for the compensation court to find in its favor.

Greenwood contends that FirstComp neither entered a return receipt into evidence nor provided evidence of an office practice for sending mail. She asserts that the existence of a tracking number does not itself prove that the notice of cancellation was actually mailed. Accordingly, she contends that

---

[1] *Interiano-Lopez v. Tyson Fresh Meats*, 294 Neb. 586, 883 N.W.2d 676 (2016).

[2] *Id.*

there is a genuine issue of fact regarding whether the notice of cancellation was sent to J.J. Hooligan's.

Section 48-144.03 prescribes the requirements for a notice of cancellation of workers' compensation insurance policies. It states that "coverage under a workers' compensation insurance policy shall continue in full force and effect until notice is given in accordance with this section."[3] Regarding the cancellation of a policy within the policy period, it states that "[n]o cancellation . . . shall be effective unless notice of the cancellation is given by the workers' compensation insurer to the Nebraska Worker's Compensation Court and to the employer."[4] Finally, the statute states:

> The notices required by this section shall be provided in writing and shall be deemed given upon the mailing of such notices by certified mail, except that notices from insurers to the compensation court may be provided by electronic means [and] shall be deemed given upon receipt and acceptance by the compensation court.[5]

[3,4] Unlike a notice of cancellation sent to the compensation court by electronic means, there is no requirement in § 48-144.03 that a notice of cancellation sent by certified mail actually be received by the employer. Thus, there is no requirement that a return receipt be executed by the employer. Instead, to show compliance with § 48-144.03, the insurer need only prove that it sent the notice of cancellation by certified mail to the employer.

[5] When an insurance carrier is statutorily required to provide notice of cancellation before terminating a policy, the burden of establishing an effective cancellation before a loss is on the insurer.[6]

---

[3] § 48-144.03(1).

[4] § 48-144.03(2).

[5] § 48-144.03(10).

[6] *Barnes v. American Standard Ins. Co. of Wis., ante* p. 331, ___ N.W.2d ___ (2017).

[6,7] A party may prove it has mailed an item by "direct proof of actual deposit with an authorized U.S. Postal Service official or in an authorized depository."[7] However, we have also stated:

> "[A]bsent direct proof of actual deposit with an authorized U.S. Postal Service official or in an authorized depository[,] . . . proof of a course of individual or office practice that letters which are properly addressed and stamped are placed in a certain receptacle from which an authorized individual invariably collects and places all outgoing mail in a regular U.S. mail depository and that such procedure was actually followed on the date of the alleged mailing creates an inference that a letter properly addressed with sufficient postage attached and deposited in such receptacle was regularly transmitted and presents a question for the trier of fact to decide."[8]

In *Houska v. City of Wahoo*,[9] we considered the statutory requirement that a county judge transmit an appraisal report to a condemnee—by personal delivery or the sending by ordinary mail—within 10 days of receiving it. A defendant introduced an affidavit of a judge, stating that the judge had sent the report in a prepaid envelope addressed to the plaintiffs and placed it in either a USPS depository or the Saunders County Court outgoing mail box.[10] We held that this evidence was insufficient as a matter of law to prove the report was properly mailed.[11]

In *Baker v. St. Paul Fire & Marine Ins. Co.*,[12] we considered whether a plaintiff who claimed to have mailed her

---

[7] *Houska v. City of Wahoo*, 235 Neb. 635, 641, 456 N.W.2d 750, 754 (1990).

[8] *Baker v. St. Paul Fire & Marine Ins. Co.*, 240 Neb. 14, 18, 480 N.W.2d 192, 197 (1992), citing *Houska, supra* note 7.

[9] *Houska, supra* note 7.

[10] *Id.*

[11] *Id.*

[12] *Baker, supra* note 8.

final premium installment was entitled to a receipt-of-mail presumption, which required a showing that the premium was properly mailed. The plaintiff testified that she deposited the stamped and preaddressed envelope in the mail chute at her office building.[13] Although she testified that the mail chute led to the building's mailroom, she provided

> no evidence that the mailroom was operated under the auspices of the U.S. Postal Service or that it was a U.S. Postal Service depository. Neither was there any evidence . . . that an authorized individual invariably collected and placed all outgoing mail collected from the mailroom in a regular U.S. mail depository or that such a procedure was actually followed on [that day].[14]

Accordingly, we held that the plaintiff failed to prove as a matter of law that she had properly mailed her premium payment.[15]

The affidavit of Johnson states that the notice of cancellation was sent via certified mailed and provides a tracking number for the notice. However, Johnson did not testify to having delivered the notice of cancellation to a USPS official or depository. Additionally, we recently stated that a tracking number alone does not establish certified mail service.[16]

Further, we agree with Greenwood that FirstComp has not provided sufficient proof of a course of office practice to send cancellation notices. FirstComp asserts that the fact that it uses an electronic mailing system through USPS is proof of its course of office practice. However, FirstComp failed to make any description of what its electronic mailing system entails. From the record, we cannot discern how the electronic system sends a notice of cancellation by certified mail.

---

[13] *Id.*

[14] *Id*. at 18, 480 N.W.2d 197.

[15] *Id.*

[16] See *Barnes, supra* note 6.

It is not our intent to discourage the use of electronic mailing systems, but a party is still required to adduce sufficient evidence to detail what its electronic mailing system involves. Testimony as to how an electronic mailing system produces such notices and sends them by certified mail would provide proof that a notice was sent in compliance with § 48-144.03.

Accordingly, we hold that there is not sufficient competent evidence in the record to show that FirstComp complied with its statutory duty to send J.J. Hooligan's a notice of cancellation by certified mail before terminating its policy. Therefore, the court erred in granting FirstComp's motion to dismiss.

[8] Because we have determined the compensation court erred in sustaining FirstComp's motion to dismiss, we need not address Greenwood's argument that the court erred in not considering an adverse inference based on spoliation regarding the notice. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[17]

## CONCLUSION

FirstComp failed to present sufficient competent evidence as to whether it complied with the employer notice of cancellation requirement in § 48-144.03 to warrant an order of dismissal. Accordingly, the compensation court erred in sustaining the motion to dismiss in favor of FirstComp. We, therefore, reverse the compensation court's order and remand the cause for further proceedings.

Reversed and remanded for
further proceedings.

---

[17] *Estermann v. Bose*, 296 Neb. 228, 892 N.W.2d 857 (2017).