Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/04/2025 08:08 AM CST

- 842 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

Fundamental Investments, LLC, and Daniel
Schmit, appellants, v. Douglas County
Board of Equalization, appellee.

___ N.W.3d ___

Filed October 28, 2025.    No. A-24-965.

1. **Taxation: Judgments: Appeal and Error.** By statute, an appellate court reviews an order from the Tax Equalization and Review Commission that is defined as a "final decision" under Neb. Rev. Stat. § 77-5019(5) (Reissue 2018) for error on the record.

2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Administrative Law.** Agency action taken in disregard of the agency's own substantive rules is also arbitrary and capricious.

4. **Taxation: Notice.** The Tax Equalization and Review Commission may enter a proposed order for a party's failure to appear at a show cause hearing under 442 Neb. Admin. Code, ch. 5, § 029.03 (2021), if the record demonstrates that notice has been provided to the party against whom the show cause order is issued or a reasonable attempt at notice has been made.

5. **Taxation: Service of Process.** Reasonable attempts at service are deemed made under 442 Neb. Admin. Code, ch. 5, §§ 029.02A and 029.02B (2021), when delivery of service by certified mail is refused by the party to whom service is directed or service by certified mail is returned by the U.S. Postal Service as undeliverable or as unclaimed.

6. **Taxation: Service of Process: Affidavits: Proof.** The Tax Equalization and Review Commission may demonstrate proof of service by filing an affidavit of service.

7. **Affidavits: Words and Phrases.** An affidavit is a written or printed declaration or statement of facts, made voluntarily, and confirmed by

- 843 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.

8. **Affidavits: Proof.** An affidavit must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn by the party making the same.

9. **Affidavits: Proof: Public Officers and Employees.** An affidavit does not require a notary to confirm the truth of the facts stated in the affidavit; rather, the certificate, also known as a jurat, confirms only that the affiant appeared before the notary, attested to the truth of his or her statements, and signed the affidavit.

10. **Taxation: Notice.** Notice of a show cause hearing under 442 Neb. Admin. Code, ch. 5, § 029.02 (2021), must be served on all parties through the U.S. Postal Service by certified mail.

11. **Notice: Proof.** The mailing of an item is demonstrated by direct proof of actual deposit with an authorized U.S. Postal Service official or in an authorized depository.

12. **Trial: Notice: Proof.** Proof of a course of individual or office practice that letters which are properly addressed and stamped are placed in a certain receptacle from which an authorized individual invariably collects and places all outgoing mail in a regular U.S. mail depository and that such procedure was actually followed on the date of the alleged mailing creates an inference that a letter properly addressed with sufficient postage attached and deposited in such receptacle was regularly transmitted and presents a question for the trier of fact to decide.

13. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the Tax Equalization and Review Commission. Reversed and remanded for further proceedings.

David C. Briese, of Crary Huff, P.C., for appellant.

Donald W. Kleine, Douglas County Attorney, and Landon L. Friesen for appellee.

Pirtle, Bishop, and Freeman, Judges.

Bishop, Judge.

## I. INTRODUCTION

Fundamental Investments, LLC (Fundamental), and Daniel Schmit (collectively Petitioners) filed property valuation

- 844 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

protests with the Douglas County Board of Equalization. After the board denied their protests, Petitioners appealed to the Tax Equalization and Review Commission (TERC). TERC subsequently dismissed the appeals for Petitioners' failure to appear at a show cause hearing and for lack of jurisdiction. Petitioners now appeal TERC's order of dismissal. We find there was insufficient competent evidence for TERC to conclude that Petitioners were given notice of the show cause hearing or that a reasonable attempt at notice had been made as required by TERC's rules. Therefore, we reverse, and remand for further proceedings.

## II. BACKGROUND

Before discussing the specific circumstances surrounding TERC's dismissal order, we explain the statutory and administrative procedures relevant to the parties' dispute.

### 1. Statutory Procedures Governing Appeals to TERC

The county boards of equalization throughout Nebraska are statutorily tasked with reviewing and deciding written protests regarding the assessments of taxable property located within their respective jurisdictions. See Neb. Rev. Stat. § 77-1502(1) (Cum. Supp. 2024). Protests relating to real property must be filed "on or before June 30" of each year, and a separate protest form must be submitted for each parcel of real property. *Id.*

Determinations made by a county board under § 77-1502 may be appealed to TERC "on or before August 24 or on or before September 10 [of each year] if the county has adopted a resolution to extend the deadline for hearing protests." Neb. Rev. Stat. § 77-1510 (Reissue 2018). TERC obtains exclusive jurisdiction over an appeal when it (1) "has the power or authority to hear the appeal or petition," (2) the "appeal or petition is timely filed," (3) "[t]he filing fee, if applicable, is timely received and thereafter paid," and (4) "[i]n the case

- 845 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

of an appeal, a copy of the decision, order, determination, or action appealed from . . . is timely filed." Neb. Rev. Stat. § 77-5013(1) (Reissue 2018).

Important to the matter before us, an appeal to TERC is "timely filed" if it is "placed in the United States mail, postage prepaid, with a legible postmark for delivery to the commission, or received by the commission, on or before the date specified by law for filing the appeal." § 77-5013(2). Nebraska statutes also provide certain tax documents, including "appeal[s]," qualify for a special presumption of mailing. Neb. Rev. Stat. § 49-1201 (Reissue 2021). Importantly, any "appeal" which is "received and the cancellation mark is illegible, erroneous, or omitted shall be deemed filed or made and received on the date it was mailed if the sender establishes by competent evidence that" the "appeal" "was deposited in the United States mail on or before the date for filing." *Id.*

### 2. Administrative Procedures Governing TERC Show Cause Hearings

The TERC chairperson has administrative authority to "issue an order to show cause why a proposed order should not be entered." 442 Neb. Admin. Code, ch. 5, § 029 (2021). Such an order directs the parties to a TERC action to attend a hearing wherein each is afforded an opportunity to present evidence demonstrating why a proposed order should or should not be entered. See *id.*, §§ 029.01 and 029.04. Copies of the order to show cause and a notice of hearing are required to "be served on all parties through the United States Postal Service by certified mail, postage prepaid; a returned receipt may be requested." *Id.*, § 029.02. If a party to a show cause hearing fails to "appear within fifteen minutes of the time for hearing, the proposed order may be issued if the record demonstrates that notice has been provided to the party against whom the [o]rder to [s]how cause is issued, or a reasonable attempt to provide notice has been made." *Id.*, § 029.03.

- 846 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

An aggrieved party may also file a motion for rehearing with TERC within 30 days of the date an order was entered. *Id.*, § 023.01. Any motion for rehearing must be approved by a majority of TERC commissioners. *Id.*

With these procedural provisions in mind, we turn to the specific facts of this case.

### 3. Petitioners' Property Valuation Protests

Petitioners submitted property valuation protests to the Douglas County Board of Equalization sometime "[d]uring" the timeframe of June 1 and July 1, 2024. Fundamental protested the valuation of seven separate parcels of real property located in Douglas County, Nebraska. Schmit protested the valuation of a single parcel of real property situated in Douglas County. On August 6, the board denied all eight protests. A "Notification of Board Action" was provided to Petitioners for each protest. The notifications included a statement that any appeal to TERC needed to be made "on or before September 10, 2024." TERC's mailing address was also provided.

### 4. Petitioners' Appeals and TERC's Show Cause Order

On September 16, 2024, TERC received an envelope that included appeal forms, filing fees, and copies of the August 2024 "Notification of Board Action" for each of the eight protests. All appeal forms were signed by Schmit, either as an "officer, director, full-time employee, [or] LLC member" of Fundamental or in his personal capacity. Each appeal form was dated September 10, 2024. The envelope, however, was not postmarked, and no cancellation mark was present.

On September 24, 2024, the TERC chairperson issued an "Order to Show Cause and Notice of Hearing" directing the petitioners to appear at a telephonic hearing on October 31 and "show cause why an order dismissing the appeals due to lack of jurisdiction should not be entered." Specifically,

- 847 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

TERC sought "evidence and testimony regarding the circumstances of mailing the appeals." The order also noted that failure "to appear at the hearing within fifteen minutes" after its start would result in dismissal of the appeals.

The caption of TERC's show cause order included eight case numbers. However, the record does not show that TERC ever entered a formal order consolidating Petitioners' appeals, nor was consolidation mentioned in the show cause order.

TERC's show cause order also stated that a copy of the order "shall be served on each party by certified mail." An "[a]ffidavit of [m]ailing" was authored by a TERC employee. The affidavit reads, in pertinent part:

Affiant further deposes and states that of affiant's personal knowledge, service of the Notice of Appeal and Order to Show Cause and Notice of Hearing entered in the captioned appeals was mailed by Certified First Class United States Mail, sufficient postage prepaid, on the following date: September 24, 2024, to the addresses indicated below. The certified tracking number of each envelope is recorded below the party's name and address.

The affidavit also included Petitioners' mailing address, as found on their appeal forms, and certified mail tracking numbers.

The affidavit contained a typewritten date of September 24, 2024. However, the affidavit was "subscribed and sworn to" on September 25, as indicated by an interlineation made by the notary public.

### 5. SHOW CAUSE HEARING

On October 31, 2024, the show cause hearing was held. Petitioners did not appear. Counsel for the Douglas County Board of Equalization was present and moved to dismiss Petitioners' appeals based on "the lack of [their] appearance." TERC took counsel's motion under advisement. TERC also took "notice of the case file and the contents of the case file,

- 848 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

including the pleadings," in order to determine whether it had jurisdiction. The hearing was adjourned.

### 6. TERC's Dismissal Order

On November 25, 2024, TERC issued an order dismissing all of Petitioners' appeals with prejudice. TERC concluded it lacked jurisdiction over Petitioners' appeals under § 77-5013. TERC specifically found Petitioners' appeals were received on September 16, 2024, and there was no "competent evidence to demonstrate the appeals were deposited in the United States mail on or before" September 10. TERC additionally stated Petitioners were warned that their appeals would be dismissed if they failed to appear at the show cause hearing.

### 7. Petitioners' Motion for Rehearing and Reconsideration

On December 9, 2024, TERC received Petitioners' motion for rehearing and reconsideration. In their motion, Petitioners claimed the necessary appeal documents "were deposited in the United States mail by the deadline of September 10, 2024." Petitioners further stated they had no knowledge of the order to show cause and notice of hearing until after October 31, and they did not find out about the dismissal order until their counsel "located it on December 4, 2024." They also contended the dismissal order failed to show that notice of the show cause hearing was provided to them or that a reasonable attempt to provide notice was made, as required by TERC's rules. Petitioners lastly argued their appeals were consolidated without a formal order, in violation of 442 Neb. Admin. Code, ch. 5, § 007 (2021).

On December 16, 2024, TERC issued an order denying Petitioners' motion for rehearing and reconsideration. TERC explained it had taken "notice of the contents of the case files" during the show cause hearing. TERC asserted the case files contained the affidavit of mailing, which showed "notice was served" or, "in the alternative, a reasonable

- 849 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

attempt [at notice] was made." Additionally, TERC stated that its rules did not require a separate order of consolidation and that proper notice of consolidation was provided to Petitioners in its show cause order.

Petitioners appeal.

## III. ASSIGNMENTS OF ERROR

Petitioners assign, reordered and restated, that TERC erred by (1) issuing an order of dismissal when the record did not demonstrate by competent evidence that notice of the show cause hearing had been provided to them or that a reasonable attempt at notice had been made, (2) consolidating the appeals without a formal order, and (3) violating their due process rights.

## IV. STANDARD OF REVIEW

[1-3] By statute, an appellate court reviews a TERC order that is defined as a "final decision" under Neb. Rev. Stat. § 77-5019(5) (Reissue 2018) for error on the record. See *County of Webster v. Nebraska Tax Equal. & Rev. Comm.*, 296 Neb. 751, 896 N.W.2d 887 (2017). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* Agency action taken in disregard of the agency's own substantive rules is arbitrary and capricious. *Id.*

## V. ANALYSIS

### 1. Notice of Show Cause Hearing

Petitioners claim TERC erred by dismissing their appeals because there was no competent evidence that notice of the October 2024 show cause hearing had been provided to them or that a reasonable attempt at service had been made. The Douglas County Board of Equalization contends the affidavit of mailing was sufficient to show that notice was sent

- 850 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

to Petitioners by certified mail. Petitioners counter, arguing the affidavit relied upon by TERC was deficient. They specifically assert that (1) the affidavit was "not properly subscribed and sworn" and (2) the affiant did not provide sufficient foundation or specificity to support her averment that notice was mailed. Brief for appellants at 13.

[4-6] TERC's regulations state, in pertinent part:

If a party to a proceeding at a show cause hearing does not appear within fifteen minutes of the time for hearing, the proposed order may be issued *if the record demonstrates that notice has been provided to the party against whom the [o]rder to [s]how [c]ause is issued, or a reasonable attempt to provide notice has been made.*

442 Neb. Admin. Code, ch. 5, § 029.03 (2021) (emphasis supplied). Reasonable attempts at service are deemed made when (1) "delivery of service by certified mail . . . is refused by the party to whom service is directed" or (2) "service by certified mail . . . is returned by the United States Postal Service as undeliverable or as unclaimed." *Id.*, §§ 029.02A and 029.02B. TERC may demonstrate proof of service by filing an "[a]ffidavit of [s]ervice." *Id.*, § 026.

At the show cause hearing, TERC took "notice of the case file and the contents of the case file," which included the affidavit of mailing. In its order denying Petitioners' motion for rehearing and reconsideration, TERC found that the affidavit showed notice was sent via certified mail as required by its rules or, alternatively, that a reasonable attempt at notice had been made. The disposition of this case, therefore, depends upon whether the affidavit was sufficient competent evidence that notice was issued to Petitioners. We are not persuaded by Petitioners' argument that the execution of the affidavit was defective, but we conclude the substance of the affidavit did not provide sufficient competent evidence to show that notice was provided to Petitioners.

- 851 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

### (a) Execution of Affidavit

Petitioners first assert the execution of the affidavit was legally deficient. They allege the affiant did not sign the affidavit in the presence of the notary public. To support this contention, Petitioners point out that the affidavit contained a typewritten date of September 24, 2024, but the affidavit was not subscribed or sworn to the notary public until September 25, as evidenced by an interlineation on the affidavit.

[7-9] An affidavit is a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003). See, also, Neb. Rev. Stat. § 25-1241 (Reissue 2016). An affidavit must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same. *Hass v. Neth*, *supra*. An affidavit does not, however, require the notary to confirm the truth of the facts stated in the affidavit; rather, the certificate, also known as a jurat, confirms only that the affiant appeared before the notary, attested to the truth of his or her statements, and signed the affidavit. See *id*.

We find no defects in the execution of the affidavit. Despite Petitioners' contentions, there is no evidence in the record to suggest that the affidavit was signed outside the presence of the notary public. To the contrary, the notary public's seal, signature, and recital that it was "subscribed and sworn" is evidence that the affiant appeared before the notary and signed the affidavit in their presence. See *In re Interest of Fedalina G.*, 272 Neb. 314, 721 N.W.2d 638 (2006). We agree with the Douglas County Board of Equalization that "[a] more plausible reading of the record" is that the affidavit was prepared on September 24, 2024, but not actually subscribed and sworn to until September 25. Brief for appellee at 11. Accordingly, Petitioners' first argument fails.

- 852 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

### (b) Substance of Affidavit

Petitioners next assert the content of the affidavit was not sufficient to prove that notice was sent to Petitioners or that a reasonable attempt at service was made. They argue that the affidavit was "lacking in specificity" and that the affiant did not adequately explain the basis of her personal knowledge regarding the mailing of notice. Brief for appellants at 13. In its brief, the Douglas County Board of Equalization responded to these contentions by simply stating as follows: "Notice of [h]earing was sent by certified mail with a return receipt accompanying each affidavit affirming the same . . . ." Brief for appellee at 11. We find it important to note that the record before us does not include any return receipts.

[10] There is no dispute that TERC's rules require notice of a show cause hearing to be "served on all parties through the United States Postal Service by certified mail." 442 Neb. Admin. Code, ch. 5, § 029.02 (2021). Likewise, TERC may only dismiss an appeal for a party's failure to appear "if the record demonstrates that notice has been provided to the party against whom" the show cause order is issued "or a reasonable attempt to provide notice has been made." *Id.*, § 029.03.

[11,12] Under Nebraska law, the mailing of an item is demonstrated by "direct proof of actual deposit with an authorized U.S. Postal Service official or in an authorized depository." *Houska v. City of Wahoo*, 235 Neb. 635, 641, 456 N.W.2d 750, 754 (1990). Additionally, the Nebraska Supreme Court has stated:

> [P]roof of a course of individual or office practice that letters which are properly addressed and stamped are placed in a certain receptacle from which an authorized individual invariably collects and places all outgoing mail in a regular U.S. mail depository and that such procedure was actually followed on the date of the alleged mailing creates an inference that a letter properly

addressed with sufficient postage attached and deposited in such receptacle was regularly transmitted and presents a question for the trier of fact to decide.

*Id.*

The above principles were applied to facts similar to the controversy before us in *Greenwood v. J.J. Hooligan's*, 297 Neb. 435, 899 N.W.2d 905 (2017). In that case, the Nebraska Supreme Court considered the statutory requirement that written notice be sent by certified mail before a workers' compensation insurance policy can be effectively canceled. The Supreme Court determined an affidavit that "state[d] that the notice of cancellation was sent via certified mail and provide[d] a tracking number for the notice" did not prove mailing because the affiant did not "testify to having delivered the notice of cancellation to a USPS official or depository." *Id.* at 442, 899 N.W.2d at 911. The Supreme Court concluded the affidavit was not competent evidence to show that statutory notice requirements were met.

Like in *Greenwood*, the affiant in this case did not aver to having delivered the notice of hearing to a U.S. Postal Service official or depository. The affidavit only stated that to affiant's "personal knowledge," notice "was mailed by Certified First Class United States Mail, sufficient postage prepaid, on" "September 24, 2024." Although the affiant asserted the affidavit was based on her "personal knowledge," she did not explain the basis of that knowledge, nor did she aver to having personally witnessed the preparation or mailing of the notice. See *State ex rel. Wagner v. Amwest Surety Ins. Co.*, 274 Neb. 121, 738 N.W.2d 813 (2007) (affidavit of mailing found not credible where it lacked specificity and foundation). The affiant also did not recite specific facts that show an office practice or procedure for mailing such letters existed, nor that it was followed in this case. Similarly, the record contains no evidence that a reasonable attempt at service was made. There is no indication

- 854 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

that delivery of service was refused by Petitioners or that service was returned as unclaimed or undelivered. See 442 Neb. Admin. Code, ch. 5, §§ 029.02A and 029.02B (2021). Lastly, while tracking numbers were provided in the affidavit, it is well-settled that a tracking number alone is insufficient evidence to establish certified mail service. See *Barnes v. American Standard Ins. Co. of Wis.*, 297 Neb. 331, 900 N.W.2d 22 (2017).

Consequently, we find there is not sufficient competent evidence in the record to show that notice or a reasonable attempt at notice was provided to Petitioners as required by TERC's own rules. Therefore, TERC erred in dismissing Petitioners' appeals for failing to appear at the October 2024 show cause hearing.

(c) TERC's Jurisdiction Remains at Issue

In its dismissal order, TERC found that it lacked jurisdiction over Petitioners' appeals under §§ 77-1502 and 77-5013 because it was "[w]ithout competent evidence to demonstrate the appeals were deposited in the United States mail on or before" September 10, 2024. However, as set forth above, the affidavit relied upon by TERC does not show Petitioners were provided notice of the show cause hearing. Thus, Petitioners must be afforded an opportunity to adduce evidence that jurisdictional requirements were satisfied. See 442 Neb. Admin. Code, ch. 5, § 029.04 (parties to show cause hearing "shall be afforded an opportunity to show cause, through evidence and argument, why the proposed order should or should not be entered").

We note that in their brief, Petitioners ask us to remand with "instructions to conduct further proceedings to consider the merits of each of the appeals." Brief for appellants at 15. However, this remedy is not appropriate. Petitioners have yet to provide any proof beyond conclusory statements in their motion for rehearing and their brief that the necessary appeal documents and fees were deposited in the U.S. mail on or

- 855 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
FUNDAMENTAL INV. v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 33 Neb. App. 842

before September 10, 2024. Thus, this case must be remanded for further proceedings to determine whether TERC has jurisdiction over Petitioners' appeals.

## 2. REMAINING ASSIGNMENTS OF ERROR

[13] Petitioners also assert TERC erred by (1) consolidating their appeals without a formal order and (2) violating their due process rights. Because we find the affidavit relied upon by TERC was deficient, we need not address these assigned errors. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Dugan v. Sorensen*, 319 Neb. 326, 22 N.W.3d 623 (2025).

## VI. CONCLUSION

The affidavit of mailing in this case was not sufficient competent evidence that notice or a reasonable attempt at notice was provided to Petitioners as required under TERC's rules. Accordingly, TERC erred by dismissing Petitioners' appeals for failure to appear. We, therefore, reverse TERC's dismissal order and remand the cause for further proceedings to determine whether TERC has jurisdiction over Petitioners' appeals.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.